

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7ᵗʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

JRE/PL AGR
2025R00447

June 4, 2025

Ellen Comley, Esq.
Oberheiden PC
89 Market St 4th Floor Suite 400
Newark, NJ 07102

       Re:   <u>Plea Agreement with Michael Farrell</u>

Dear Ms. Comley:

This letter sets forth the plea agreement between your client, Michael Farrell, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 21, 2025, if it is not accepted in writing by that date. If Farrell does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Farrell to an Information charging Farrell with knowingly and willfully conspiring to pay kickbacks in exchange for the referral of patients for COVID-19 test kits, for which payment was made under a federal health care program, contrary to the federal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b)(2)(A), in violation of 18 U.S.C. § 371. If Farrell enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Farrell for, from in or around April 2022 to in or around October 2023, participating in any offense arising out of the payment or receipt of bribes or kickbacks in connection with COVID-19 test kits.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not

remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Farrell even if the applicable statute of limitations period for those charges expires after Farrell signs this agreement, and Farrell agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 371 to which Farrell agrees to plead guilty in the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Farrell is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Farrell ultimately will receive.

Further, in addition to imposing any other penalty on Farrell, the sentencing judge as part of the sentence:

(1)    will order Farrell to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    may order Farrell to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)    may order Farrell, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)    must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7);

(5)    pursuant to 18 U.S.C. § 3583 may require Farrell to serve a term of release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Farrell be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Farrell may be sentenced to not more than 2 years' imprisonment in addition to any

prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Restitution</u>

Pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663, Farrell agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as follows:

| <u>Victim</u> | <u>Amount</u> |
|---|---|
| Medicare | $5,880,600 |

<u>Forfeiture</u>

As part of his acceptance of responsibility, Farrell agrees to forfeit the following to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, Farrell obtained that constitutes or was derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud conspiracy offense charged in the Information, and all property traceable to such property, which Farrell agrees was approximately $1,653,071.

Farrell agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the forfeitable amount obtained by the defendant ("Forfeiture Amount"). Farrell consents to the entry of an order requiring Farrell to pay the Forfeiture Amount, in the manner described below (the "Order"), which may be satisfied in whole or in part with substitute assets. Farrell further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) bank or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture Staff, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Farrell waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Farrell further understands that Farrell has no right to demand that any forfeiture of Farrell's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Farrell in addition to forfeiture.

Farrell further agrees that not later than the date he enters his plea of guilty, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Farrell fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Farrell has intentionally failed to disclose assets on his Financial Disclosure Statement, Farrell agrees that that failure would constitute a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Farrell by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Farrell's activities and relevant conduct with respect to this case.

Stipulations

This Office and Farrell will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict

- 4 -

the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Farrell waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

Farrell understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Farrell understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Farrell wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Farrell understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Farrell waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Farrell also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Farrell. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Farrell from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Farrell and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

*/s/ Jessica R. Ecker*

By:    Jessica R. Ecker
       Assistant U.S. Attorney

APPROVED:

Ari B. Fontecchio
Chief, Health Care Fraud and
Opioid Enforcement Unit

I have received this letter from my attorney, Ellen Comley, Esq. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsels' explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Date: 7-3-2025

Michael Farrell

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Date:    7/3/25

Ellen Comley, Esq.
Counsel for Defendant

- 7 -

<u>Plea Agreement With Michael Farrell ("Farrell")</u>

<u>Schedule A</u>

1.      This Office and Farrell recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024 applies in this case.

3.      The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is a conspiracy to pay kickbacks, the applicable guideline is U.S.S.G. § 2B4.1.

4.      Under U.S.S.G. § 2B4.1, the base offense level is 8. *See* U.S.S.G. § 2B4.1(a).

5.      Because this offense involved an improper benefit conferred totaling more than $3,500,000 but not more than $9,500,000, the Specific Offense Characteristic results in an increase of 18 levels. *See* U.S.S.G. §§ 2B4.1(b)(1)(B) and 2B1.1(b)(1)(J).

6.      As of the date of this letter, Farrell has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Farrell's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Farrell has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Farrell's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Farrell enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Farrell's acceptance of responsibility has continued through the date of sentencing and Farrell therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Farrell's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.    If Farrell establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further 2-level reduction in his offense level, resulting in a total Guidelines offense level of 21; otherwise, Farrell's total Guidelines offense level will be 23 (the "Total Offense Level").

9. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

10.    If the term of imprisonment does not exceed 57 months (if U.S.S.G. § 4C1.1. does not apply) or 46 months (if U.S.S.G. § 4C1.1. applies), and except as specified in the next paragraph below, Farrell will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 46 months (if U.S.S.G. § 4C1.1. does not apply) or 37 months (if U.S.S.G. § 4C1.1. applies), this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

- 9 -

12. This Office and Farrell agree to stipulate that the victim of Farrell's offense sustained losses in the amount listed below:

| <u>Victim</u> | <u>Amount</u> |
|---------------|---------------|
| Medicare | $5,880,600 |